IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

  v.

BARRY M. RUMPEL, LA CROSSE COUNTY,
BEVERLY A. FLEISHMAN,                          OPINION and ORDER
GUNDERSEN LUTHERAN HEALTH SYSTEM, INC.,
STATE OF WISCONSIN DEPARTMENT OF              24-cv-160-jdp
REVENUE, JAMES M. KNEIFL,
MIDLAND CREDIT MANAGEMENT, INC.,
CITY OF NEILLSVILLE, MYERS LAW LLC, and
LISA L. OPELT,

                Defendants.

---

The United States brought this action to reduce to judgment defendant Barry M. Rumple's unpaid federal income tax and enforce the federal tax lien against Rumple's real property. The United States named as defendants nine other individuals or entities who may have an interest in the real property. Dkt. 1.

The clerk of court entered default against Rumple and defendants Myers Law LLC, City of Neillsville, and Lisa L. Opelt. Dkt. 21; Dkt. 32; Dkt. 36; and Dkt. 49. One of the individual defendants, Beverly Fleishman, and one of the entities, Gundersen Lutheran Health System, Inc., have disclaimed their interest in the property. Dkt. 22; Dkt. 54. The United States and defendants James M. Kneifl, Midland Credit Management, Inc., the Wisconsin Department of Revenue, and La Crosse County, Wisconsin, stipulated to the order of priorities of their interests in the property. Dkt. 53.

Kneifl moves for summary judgment, asking the could to "enter judgment in favor of the movant." Dkt. 58. But Kneifl's motion does not provide any information about Kneifl's

interest in this case, aside from saying that he has entered into an agreement about the priority of the parties' debt. That agreement is filed as a stipulation in this case, *see* Dkt. 53, and the pending motion for a default judgment asks the court to distribute proceeds from the sale of Rumple's property in the order specified in the agreement, Dkt. 60. So the court will deny Kneifl's motion for summary judgment as unnecessary.

The United States moves for a default judgment against Rumple, Myers Law LLC, City of Neillsville, and Lisa L. Opelt. Dkt. 59. It asks the court to enter a money judgment against Rumple, declare that there are federal tax liens on Rumple's real property, declare that Myers Law LLC, City of Neillsville, and Lisa L. Opelt are not entitled to any proceeds from the sale of that property, and order the sale of the property to satisfy the remaining parties' interests.

The court will schedule a hearing to address the United States' motion for a default judgment against Rumple, Myers Law, City of Neillsville, and Opelt.

ORDER

IT IS ORDERED that:

1. Defendant James Kneifl's motion for summary judgment, Dkt. 58, is DENIED.

2. The clerk of court is directed to schedule a telephonic hearing on plaintiff's motion for a default judgment.

Entered July 7, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge